KATTEN MUCHIN ROSENMAN LLP
Craig A. Barbarosh (SBN 160224)
craig.barbarosh@kattenlaw.com
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122
Telephone: (714) 966-6822

Jessica M. Mickelsen (SBN 277581)
jessica.mickelsen@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4425
Facsimile: (310) 788-4471

Peter A. Siddiqui (*pro hac vice*)
peter.siddiqui@kattenlaw.com
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Facsimile: (312) 902-1061

Counsel for Debtors and Debtors-In-Possession
Hashfast Technologies LLC and Hashfast LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

## (SAN FRANCISCO DIVISION)

| | |
|---|---|
| In re: | Case No. 14-30725 |
| HASHFAST TECHNOLOGIES LLC, a California limited liability company, | (Substantively Consolidated with In re HashFast LLC, Case No. 14-30866) |
| Debtor and Debtor-In-Possession | Chapter 11 |
| ☒ Affects HASHFAST LLC, a Delaware limited liability company, | |
| Debtor and Debtor-In-Possession | |
| HASHFAST TECHNOLOGIES LLC, a California limited liability company, and HASHFAST LLC, a Delaware limited liability company, | Adversary Case No. _____ |
| Plaintiffs, | |
| vs. | |
| Uniquify, Inc. and Signetics Korea Co., Ltd. (d/b/a Signetics High Technology, Inc.), | |

Defendants.    )
               )

## COMPLAINT

HashFast Technologies LLC, a California limited liability company ("HashFast Technologies"), and HashFast LLC, a Delaware limited liability company ("HashFast", collectively with HashFast Technologies, the "Debtors" and each a "Debtor"), by and through its undersigned counsel, bring this complaint (the "Complaint") against Defendants Uniquify, Inc. ("Uniquify") and Signetics Korea Co., Ltd. (d/b/a Signetics High Technology, Inc.) ("Signetics", collectively the "Defendants" and each a "Defendant"), and in support of this Complaint state as follows:

## NATURE OF ACTION

1. The Debtors bring this adversary action to compel the immediate turnover of all Unfinished Wafers (as herein defined) from the possession, custody or control of the Defendants to the Debtors pursuant to 11 U.S.C. § 542.

## JURISDICTION

2. On May 9, 2014 (the "Petition Date"), certain petitioning creditors filed a chapter 7 Involuntary Petition in the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court") against Hashfast Technologies under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") [Lead Case Doc. No. 1].

3. On June 3, 2014, HashFast Technologies filed its Conditional Consent to an Order for Relief [Doc. No. 36] and its Motion to Convert to Chapter 11 [Lead Case Doc. No. 35].

4. The Bankruptcy Court entered its order converting HashFast Technologies' case to one under chapter 11 of the Bankruptcy Code on June 5, 2014 [Lead Case Doc. No. 40].

5. On June 6, 2014, HashFast filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334.

2

7. By virtue of 28 U.S.C. § 157(b)(2)(A), (E), (M), (N) and (O), this is a core proceeding.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The predicate for the relief requested herein are Sections 105 and 542(a) of the Bankruptcy Code as well as Fed. R. Bankr. P. 7001(1).

10. The Debtors consent to entry of a final order or judgment by the Bankruptcy Court.

## BACKGROUND

11. The Debtors design, develop, manufacture and sell certain computer chips and equipment, including Application Specific Integrated Circuit, or ASIC, semiconductors, for the sole purpose of auditing transaction data for the Bitcoin networks, also known as "Bitcoin mining."

12. Defendant Uniquify is a California corporation having its principal place of business at 2030 Fortune Drive, Suite 200, San Jose, California 95131.

13. Defendant Signetics is an entity organized under the laws of South Korea, and is registered to do business in California, with a principal place of business in the United States at 39899 Balentine Drive, Suite 365, Newark, CA 94560. Upon information and belief, Signetics is acting as a subcontractor for Uniquify regarding the Unfinished Wafers (as subsequently defined).

14. The Debtors' inventory consists mainly of ASIC chips in wafer form that are in various stages of completion (the "Wafers").

15. Prior to the Petition Date, in the Debtors' ordinary course of the business, the Debtors sent unfinished Wafers to Uniquify, relying on Uniquify to assemble these Wafers and to transport the finalized product to shippers to complete the Debtors' sales.

16. As of the Petition Date, Uniquify and Signetics are in custody of approximately 90 units of unfinished, incomplete Wafers that they have not performed any work on with an estimated market value of $720,000 (collectively, the "Unfinished Wafers").

17. Prepetition, the Debtors paid Uniquify in full for the Unfinished Wafers, and title to the Unfinished Wafers belongs to the Debtors.

18. The Debtors and Uniquify were parties to that certain Master Design,

3

Manufacturing, Operations Services & Consulting Agreement (the "MDMOSA"), pursuant to which, among other things, Uniquify would provide services with respect to the Unfinished Wafers through which those Unfinished Wafers would be turned into ASICs that, in turn, could be sold and delivered by the Debtors to the Debtors' customers.

19. Upon information and belief, prior to the Petition Date, Uniquify and Signetics entered into certain contractual arrangements pursuant to Uniquify subcontracted to Signetics a portion of those services Uniquify was to provide to the Debtors under the MDMOSA (the "Signetics Contract"). The Debtors are not a party to the Signetics Contract or any other contract between Uniquify and Signetics.

20. The Debtors do not have any contractual relationship with Signetics with respect to the Unfinished Wafers or otherwise.

21. Upon information and belief, Uniquify owes Signetics a substantial claim – in excess of $600,000 – under the Signetics Contract.

22. Uniquify and Signetics remains in possession, custody or control of the Unfinished Wafers.

23. Since the Petition Date, the Debtors notified Uniquify that they do not want Uniquify to complete and/or assemble the Unfinished Wafers, directed them not to do so and demanded that Uniquify return all of the Unfinished Wafers immediately to the Debtors.

24. Despite the Debtors' demand for the return of the Unfinished Wafers, Uniquify has refused to return the Unfinished Wafers to the Debtors. In addition, Uniquify refused to direct its agent, Signetics, to turn over the Unfinished Wafers to the Debtors unless the Debtors paid Uniquify's debt to Signetics under the Signetics Contract. Uniquify made that demand despite the fact that the Debtors have no obligations under the Signetics Contract.

25. Despite the Debtors' demand for the return of the Unfinished Wafers, Uniqufy and Signetics have refused to return the Unfinished Wafers to the Debtors.

26. The Unfinished Wafers were on the Petition Date and continue to be in the Defendants' possession, custody and control.

**COUNT ONE – TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542**

27. The Debtors hereby incorporate all of the foregoing allegations as if fully set forth herein.

28. The Defendants remain in possession, custody and control of the Debtors' Unfinished Wafers within the meaning of 11 U.S.C. § 542(a).

29. The Debtors are entitled to possession of the Unfinished Wafers, which is property of the estate, such that the Debtors may use, sell or lease the Unfinished Wafers pursuant to 11 U.S.C. § 363.

30. The Unfinished Wafers are not of inconsequential value and are of a benefit to the Debtors' estates.

WHEREFORE, the Debtors respectfully requests that the Court enter an order (i) directing the Defendants to turn over the Unfinished Wafers pursuant to 11 U.S.C. § 542, (ii) awarding the Debtors actual and compensatory damages against the Defendants incurred in bringing and prosecuting this Complaint and (iii) granting such further relief as the Court may deem just and proper.

Dated: October 6, 2014

KATTEN MUCHIN ROSENMAN LLP
Jessica M. Mickelsen
Peter A. Siddiqui


By: /s/ Jessica M. Mickelson
Counsel for Debtors and Debtors-In-Possession
HashFast Technologies LLC and HashFast LLC